UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

Beth Tracy Stollman,                                       Case No. 08-50331
                                                                               Chapter 7
                           Debtor.                              Hon. Phillip J. Shefferly
_____/
Morganroth & Morganroth, PLLC, Debra N.
Ribitwer & Associates and Virchow, Krause &
Company,

         Plaintiffs,

vs.                                                                                    Adv. Proc. No. 08-4894

Beth Tracy Stollman,

         Defendant.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION
OF ORDER DENYING AMENDED APPLICATION
<u>FOR PRO BONO COUNSEL</u>**

On August 6, 2008, Plaintiffs filed this adversary proceeding. On August 27, 2008, the Debtor filed an application for the appointment of pro bono counsel. After reviewing the application, the Court entered an order denying it on September 2, 2008. On September 11, 2008, the Debtor filed an amended application for appointment of pro bono counsel. The Court reviewed the amended application and on September 15, 2008 entered an order denying the amended application. The Court's order explained that the Court had reviewed the Debtor's application, the information contained in it, the Debtor's entire bankruptcy case, including her original schedule I, her amended schedule I and other schedules of assets and liabilities and statement of financial affairs, and had concluded that the Debtor was not eligible for appointment of pro bono counsel

under the pro bono counsel program established by the U.S. Bankruptcy Court for the Eastern District of Michigan. The order also explained that the Debtor's income for a family of two exceeded 200% of the current year's U.S. Department of Health and Human Services Poverty Guidelines for the Debtor's family size based upon the information contained in the Debtor's schedule I filed in her bankruptcy case. On September 25, 2008, the Debtor filed a motion for reconsideration of that order.

The Debtor's motion for reconsideration states that it is filed under L.B.R. 9024-1 (E.D. Mich.) and alleges that the Court's order was based upon a palpable defect by which the Court and the parties were misled, the correction of which would require a different disposition of the Debtor's amended application for appointment of pro bono counsel. In support, the Debtor advances three arguments. First, the Debtor asserts that the Court should not have considered the U.S. Department of Health and Human Services Poverty Guidelines. Second, the Debtor asserts that the appointment of pro bono counsel is discretionary and that this Court should follow the guidelines for appointment of pro bono counsel that have been adopted in the U.S. Bankruptcy Courts for the Southern and Eastern Districts of New York. Third, the Debtor asserts that even if it is permissible for this Court to consider the U.S. Department of Health and Human Services Poverty Guidelines, the Court "does not have the correct facts" because the Debtor's schedule I "is wrong and requires further amending."

None of the arguments advanced by the Debtor demonstrate the existence of a palpable error by the Court that requires reconsideration of the Court's order denying the Debtor's amended application for pro bono counsel. First, the reason why the Court considered the U.S. Department of Health and Human Services Poverty Guidelines in connection with the Debtor's application is

because those are the guidelines that were adopted by the U.S. Bankruptcy Court for the Eastern District of Michigan when it enacted its pro bono program on May 22, 2002. While those guidelines are not the only consideration for the Court, those guidelines were specifically adopted by the Court on May 22, 2002 for the purpose of assisting the Court in determining whether to appoint pro bono counsel in a given case. There is nothing improper about the Court's utilization of those guidelines and the Court consistently applies those guidelines with respect to every application that it receives for appointment of pro bono counsel. Second, the Debtor concedes that the appointment of pro bono counsel is discretionary but urges the Court to adopt the guidelines utilized by the U.S. Bankruptcy Court for the Eastern and Southern Districts of New York. The Court agrees that the appointment of pro bono counsel is discretionary. As noted, this Court has adopted guidelines that it considers to be useful and fair in evaluating applications for the appointment of pro bono counsel. The guidelines adopted by the U.S. Bankruptcy Court for the Eastern and Southern Districts of New York do not have any application in this Court. Third, the Debtor's argument that this Court has made a mistake of fact by relying upon the information set forth under oath by the Debtor in her schedule I is wholly without merit. The Debtor filed an original schedule I on May 13, 2008 and an amended schedule I on August 29, 2008. Those schedules were filed by the Debtor under oath and the Court properly relied upon them in evaluating the Debtor's amended application for the appointment of pro bono counsel.

There is no constitutional right to the appointment of pro bono counsel in a civil case. See Lavado v. Keohane, 992 F.2d 601, 605-06 (6th Cir. 1993) ("Appointment of counsel in a civil case is not a constitutional right.") (citation omitted). The only statutory provision, the *in forma pauperis* statute, (28 U.S.C. § 1915(e)), is not available in bankruptcy. United States v. Kras, 409 U.S. 434,

440 (1973). Since May 22, 2002, the U.S. Bankruptcy Court for the Eastern District of Michigan has administered a voluntary pro bono counsel program based on need. The Court has adopted guidelines to assist it in evaluating the need of a particular applicant for the appointment of pro bono counsel but, as conceded by the Debtor, the appointment is ultimately discretionary with the Court. In this case, the Court carefully reviewed the Debtor's entire file and relied upon the information set forth by the Debtor under oath in her schedules and the information set forth by her in her amended application. The Debtor's attempt to now disavow the information that she has previously filed under oath in this Court is especially unpersuasive because of the fact that the Debtor herself is an attorney licensed to practice law in the State of Michigan and, as such, is aware of the importance of setting forth truthful information in papers filed under oath with the Court. In sum, the Debtor has not set forth a palpable defect by which the Court and the parties were misled, the correction of which would result in a different disposition of the Debtor's amended application. Accordingly,

IT IS HEREBY ORDERED that the Debtor's motion for reconsideration of the order denying the Debtor's amended application for pro bono counsel (docket # 12) is denied.

**Signed on September 30, 2008**

                                              **/s/ Phillip J. Shefferly**
                                              **Phillip J. Shefferly**
                                              **United States Bankruptcy Judge**